UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LEON M. HEADRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:05-CV-146 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Leon Headrick ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File Nos. 1, 2). Pursuant to the Court's Order (Court File No. 5), the United States filed a response (Court File No. 8) to which Petitioner filed a reply (Court File No. 13). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the reasons stated herein.

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:01-CR-00164, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 30, 2001, Chattanooga police officers, aided by members of the Drug Enforcement Administration, executed a state search warrant at a residence owned by Petitioner. Plea Agreement at 4 (Crim. Court File No. 65). When the warrant was executed the police found Petitioner coming up the stairs from the basement. *Id*. at 4. Petitioner had $3,089 on his person in cash. *Id*. An associate attempted to flee from the basement and out the garage. *Id.* The police discovered a methamphetamine laboratory and manufactory in the basement. *Id*.

The police recovered from the basement a loaded Taurus 9mm semi-automatic pistol with laser sight and an extra magazine, in addition to various apparatus, ingredients, and paraphernalia for the manufacture of methamphetamine. *Id.* at 4-5. These materials included hot plates, table salt, rock salt, scales, muriatic acid, condensers, a grinder, pseudoephedrine pills, red phosphorus, iodine, gloves, hoses, funnels, a gas mask, home-made gas generators, acetone, Red Devil Lye, empty containers of "HEET" gas line anti-freeze, and various glassware (some filled with suspected pseudoephedrine/ephedrine soaking in the liquids.) *Id*.

Upstairs, officers found a printed article concerning the manufacture of methamphetamine. *Id*. at 5. Officers discovered a loaded Jennings .22 caliber semi-automatic pistol, two shotguns, and a .22 caliber rifle in petitioner's bedroom. *Id*. In petitioner's bedroom there also was a small quantity of marijuana along with pseudoephedrine, meth pipes, and "HEET" gas line anti-freeze. *Id*.

On February 22, 2002, Petitioner pleaded guilty to conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) (Crim. Court File No. 64). Petitioner pleaded guilty pursuant to a plea agreement

(Crim. Court File Nos. 64, 65). Petitioner was sentenced on August 16, 2002, to a term of 120 months in custody, supervised release for five years, a $100 special assessment, and a $5,000 fine. (Crim. Court File No. 73).

Petitioner appealed, and Petitioner's sentence was affirmed on June 11, 2004. *United States v. Headrick*, 100 F. App'x 533 (6th Cir. 2004).

Now Petitioner seeks to have his sentence overturned based on review in this court under 28 U.S.C. § 2255 (Court File No. 1).

## II. **STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental

defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III. DISCUSSION

Petitioner alleges three reasons his sentence was an error of constitutional magnitude.

First, Petitioner argues that this Court improperly considered a drug weight that was neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of *United States v. Booker*, 543 U.S. 220 (2005) (Court File No. 1 at 2).

Second, Petitioner argues that the Court improperly enhanced his sentence for the possession of a dangerous weapon, a fact neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of *Booker* (*Id.* at 2-3).

Third, Petitioner argues that the Court failed to consider the factors outlined in 18 U.S.C. § 3553(a) and instead, treated the United States Sentencing Guidelines ("USSG") as mandatory. Moreover, Petitioner alleges, the failure of counsel to raise this issue constituted ineffective assistance of counsel (Id. at 3).

The Court will address both *Booker* arguments at once and then address Petitioner's ineffective assistance of counsel claim.

4

### A. Sixth Amendment Right to a Jury Trial

According to the Supreme Court the Sixth Amendment requires ". . . any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant . . .." *Booker*, 543 U.S. at 244. The only exception, which is not relevant here, is a prior conviction. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998). Many defendants were sentenced under the Guidelines before *Booker* was decided and so were sentenced under a framework the Supreme Court has since found unconstitutional.

Generally, new procedural rules do not apply retroactively to prisoners whose convictions have become final. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). The Sixth Circuit has found that *Booker* announced a new rule, which was not a 'watershed' rule and therefore could not be applied retroactively. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). Under federal law a Petitioner's "conviction becomes final when the time expires for filing a petition for certiarari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Generally, a Petitioner has 90 days after entry of judgment in which to petition for certiorari. Sup. Ct. R. 13.

The Sixth Circuit Court of Appeals affirmed Petitioner's sentence on June 11, 2004. *United States v. Headrick*, 100 F.App'x 533 (6th Cir. 2004 ). The Supreme Court decided *Booker* on January 12, 2005. The Supreme Court decided *Booker* 184 days after the Sixth Circuit affirmed Petitioner's sentence. Petitioner may not therefore raise claims based on *Booker* because Petitioner's sentence became final prior to the *Booker* decision and the Sixth Circuit has refused to apply *Booker* retroactively in a § 2255 context. *Humphress*, 398 F.3d at 863..

5

Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

B.     **Sixth Amendment Right to Counsel**

Petitioner next argues that his sentence should be overturned because trial counsel was ineffective for failing to challenge then mandatory nature of the U.S. Sentencing Guidelines. "[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771n.14 (1970).

> A convicted defendant's claim that counsel's assistance was . . . defective has two components. First, the defendant must show that the counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
> *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Circuit has recently held that failure to raise a Sixth Amendment Challenge under *Apprendi* falls below the "objective standard or reasonableness" and constitutes deficient performance under the *Strickland* test. *Nichols v. United States*, -- F.3d --, No. 05-6452 slip op. at 3-4 (6th Cir. Aug. 16, 2007) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

However, the court must go further and ask, whether this error was so serious as to deprive the defendant of a fair sentencing hearing. Petitioner was sentenced to 120 months imprisonment, five years supervised release, a special assessment of $100, and $5,000 fine.

The Court calculated Petitioners total offense level at "31." The Court determined Petitioner's Criminal History category "I." This calculation established a guideline range of 108-135 months. USSG § 5 Pt. A. Petitioner in his plea agreement agreed he was involved in a conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine. (Plea Agreement at 1). Petitioner faced a statutory mandatory minimum

6

sentence of ten years. 21 U.S.C. § 841(b)(1)(A). Therefore, by operation of statute, Petitioner could not be sentenced to less than 120 months. Further, the statute required a five-year term of supervised release. *Id*. The special assessment of $100 is also imposed by statute, unassailed by *Apprendi*. *See* 18 U.S.C. § 3013(a)(2)(B).

For these elements of his sentence, Petitioner cannot demonstrate any substantial prejudice, as the sentence was determined by operation of statute rather than, the Guidelines. Had counsel raised and prevailed on an *Apprendi* or *Booker* objection, the sentence would have remained exactly the same. Certainly, Petitioner cannot now claim failure to litigate this issue led to a sentencing hearing that was so defective as to deprive Petitioner of a fair hearing.

The monetary fine was imposed under then mandatory guidelines which allowed for a downward departure (i.e., a lessor fine) only for inability to pay. USSG § 5E1.2(a). After *Booker* the Court would have been permitted to consider other factors in adjusting the fine. However, § 2255 only affords a right for a prisoner in custody to contest a sentence where the petitioner claims the right to be released. 28 U.S.C. § 2255. Any claim Petitioner may have that the fine was unconstitutionally imposed is not cognizable under this statute. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).

Therefore, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

7

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a "certificate of probable cause," now renamed a "certificate of appealability." No petitioner may appeal under § 2255 without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *see Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires Petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893; *see also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

---

[2]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Kincade v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade*, 117 F.3d at 952. If the motion to file *in forma pauperis* is denied, the prisoner may renew the motion in the appellate court. Fed. R. App. P. 24(a)(5).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DECLINES TO ISSUE** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. The Court will **CERTIFY**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**